A. D. KENAMOND, Judge.
Claimant seeks an award in the amount of $131.62 to compensate him for damages to his automobile, a 1947 Chevrolet sedan, which he alleges were caused by the negligence of W. H. Roberts, district agent, agriculture extension service, West Virginia University, who was driving a university owned automobile, a 1949 Chevrolet sedan, at the time their cars and two other automobiles were involved in a collision on u. s. route 119 near Queen Shoals, West Virginia, on the morning of May 5, 1951.
Claimant Brooks G. Raynes testified that at the point above mentioned an automobile about 100 feet ahead of him suddenly came to a stop and that he then applied his brakes and stopped about 3 to 5 feet behind the car ahead. A third automobile, a Cadillac, driven by an army captain, was suddenly brought to a stop about the same distance behind the Raynes car, whereupon the car driven by W. H. Roberts and following in the procession of four cars, struck the rear of the third car, driven by the army *62 captain, causing said third vehicle to strike the rear of claimant’s car and thus causing claimant’s car to strike the car immediately ahead of him.
W. H. Roberts, appearing as a witness for the respondent, said he didn’t think he was involved directly with the Raynes’ car and that damages to the rear end of the Cadillac, the car owned and driven by the army captain, which had been struck by the university car, had been satisfied and cleared some two months after the accident.
At this point in the hearing it developed that the West Virginia University, the respondent state agency, under authorization of chapter 6, article 12, section 1 of the West Virginia code, carried insurance for the benefit and protection of its motor vehicle drivers. It appears that counsel for respondent did not set up insurance as a plea of denial and it was not until the case was heard before the court that it came to light that the Roberts car was covered by insurance.
Since claimant has an adequate remedy in the courts of the state against W. H. Roberts and his claim is thus excluded from the jurisdiction of the court of claims, as set forth in the syllabus of this opinion, the claim is dismissed.